IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:11-cv-215-MEF |
| v. ) | |
| ) | (WO – Do Not Publish) |
| HOWARD SNIDER; PAM SNIDER; ) | |
| JEFF BEALE HOMES and JEFF BEALE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This is a declaratory judgment action in which Plaintiff Pennsylvania National Mutual Casualty Insurance Company seeks a determination of its duty to defend Defendants Jeff Beale and Jeff Beale Homes (the "Beale Defendants") with respect to the claims asserted against them by Defendants Howard and Pam Snider (the "Sniders") in an underlying state court action.[1]  In its original Complaint, Plaintiff had also sought a declaratory judgment as to its duty to indemnify the Beale Defendants.  (Doc. #1.)  However, on February 27, 2012, this Court dismissed that claim on ripeness grounds, as a judgment had not yet been entered against the Beale Defendants in the underlying state court action.  (Doc. #24.)

On October 2, 2012, a jury returned a verdict in favor of the Sniders, and against the Beale Defendants, in the amount of $700,000 in the underlying state court action.  As a result, on October 4, 2012, Plaintiff filed a Motion for Leave to Amend Complaint "to seek

---

[1] The underlying state court action is styled *Snider, et al. v. Jeff Beale, et al.*, Case No. 2007-cv-900281 (Circuit Court of Montgomery, Alabama).

a determination of its duty to indemnify Beale for the verdict entered against it." (Doc. #32). In response, on October 11, 2012, the Sniders filed a Motion to Dismiss and Response to Motion to Amend Complaint (Doc. #34), arguing that this matter is due to be dismissed in its entirety. More specifically, the Sniders claim in their Motion to Dismiss that, given the jury's verdict in the underlying state court action, this Court now lacks jurisdiction to allow an amendment to Plaintiff's Complaint until after November 1, 2012, the time at which the Sniders' substantive right to proceed against Plaintiff, as judgment creditors of the Beale Defendants, would purportedly accrue. (Doc. #34.)

This Court does not find merit in the Sniders' argument. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 415 n.12 (11th Cir. 1995) ("Fed. R. Civ. P. 15(d) permits the filing of supplemental pleadings in order to assert claims maturing after the filing of the complaint . . . ."). Accordingly, having considered the foregoing motions, and for good cause shown, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. #32) is GRANTED. Plaintiff shall have until **November 9, 2012**, to file an Amended Complaint that complies with Rule 15.1 of the Local Rules for the United States District Court for the Middle District of Alabama for Civil and Criminal Cases, which provides, in pertinent part: "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." It is further ORDERED that the Sniders' Motion to Dismiss and Response to Motion to Amend Complaint (Doc. #34) is hereby DENIED.

DONE this the 2nd day of November, 2012.

              /s/ Mark E. Fuller
            United States District Court Judge