IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PENNSYLVANIA NATIONAL MUTUAL   )
CASUALTY INSURANCE COMPANY,      )
                                 )
        Plaintiff,               )
                                 )        CASE NO. 2:11-cv-215-MEF
v.                               )
                                 )        (WO – Do Not Publish)
HOWARD SNIDER; PAM SNIDER;       )
JEFF BEALE HOMES and JEFF BEALE, )
                                 )
        Defendants.              )

## ORDER

Before the Court is Defendants Howard and Pam Sniders' Motion to Amend Scheduling Order (Doc. #44) filed on November 8, 2012. In this motion, the Sniders direct the Court to "certain oversights" contained in its Amended Scheduling Order (Doc. #43). In particular, the Sniders point out that the Amended Scheduling Order, which continued only the dispositive motion deadline in this matter (as this was the only deadline Plaintiff Pennsylvania National Mutual Casualty Insurance Company sought to extend in its Motion to Amend Scheduling Order (Doc. #33)), does not extend the discovery deadline, the deadline to amend pleadings, and the deadline to disclose experts witnesses, all of which have already expired. While the Sniders are correct in this assessment, they have failed to acknowledge that this predicament is of their own making. Indeed, the Sniders claim that their "only concern" in this matter "was the issue of the duty to indemnify in the event the Sniders ultimately obtained a judgment against Beale," yet they successfully moved to dismiss the duty to indemnify claim in February 2012. (Doc. #44, ¶4.) Thus, in effect, the

Sniders are now complaining to the Court that the current Scheduling Order denies them of the opportunity to obtain discovery in this case on the duty to indemnify by establishing a discovery deadline at a time when this claim was not before the Court by their own motion. Moreover, given the nature of this action and the fact that the duty to indemnify claim was pending for almost a year before it was dismissed, the Court finds tenuous the Sniders' claims that they have not conducted any discovery on Plaintiff's duty to indemnify the Beale Defendants in the event that a judgment is (and, at this point, has been) entered against them in the underlying state court litigation.

That being said, the Court nevertheless finds that fairness does warrant extending certain deadlines addressed in the Sniders' motion. Thus, it is hereby ORDERED that the Sniders' Motion to Amend Scheduling Order (Doc. #44) is GRANTED. A revised scheduling order will be entered separately.

DONE this the 9th day of November, 2012.

_____/s/ Mark E. Fuller_____
United States District Court Judge